UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUNIMON JACOB, SEENA SAVIOUR BABY (JACOB),

    Plaintiffs,

v.

MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,

    Defendants.

No. 2:08-cv-01106-MCE-EFB

<u>ORDER</u>

----oo0oo----

Through the present Motion[1], Plaintiffs seek attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") on grounds that they were the prevailing parties in this mandamus proceeding designed to compel adjustment of Plaintiffs' application for change of immigration status. After that application continued to remain pending for some three and a half years following its institution in November of 2004, Plaintiffs filed the present lawsuit on May 29, 2008.

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

1

1 Once the Department of Homeland Security approved Plaintiff Seena
2 Jacob's petition on August 12, 2008, however, the parties
3 stipulated to a dismissal of these proceedings subject to the
4 Court's review of Plaintiffs' request for attorney's fees.
5    The EAJA provides for an award of attorney's fees in civil
6 lawsuits against the United States, providing in pertinent part
7 as follows:

> "Except as otherwise specifically provided by statute,
> a court shall award to a prevailing party other than
> the United States fees and other expenses... incurred
> by that party in any civil action... brought by or
> against the United States.... unless the court finds
> that the position of the United States was
> substantially justified or that specific circumstances
> makes an award unjust."

28 U.S.C. § 2412(d)(1)(a).

   Although the "fees and other expenses" contemplated by the statute unquestionably includes reasonable attorney's fees and costs like those sought by Plaintiffs herein (28 U.S.C. § 2412(d)(2)(a), it is equally plain that to qualify for attorney's fees under the EAJA Plaintiffs must be deemed "prevailing parties" in the instant mandamus proceeding.  It is primarily on that basis that Defendants oppose Plaintiffs' fee request.

   Under the Supreme Court's seminal decision in <u>Buckhannon Bd. of Care & Home, Inc. v. W. Va. Dept. Of Health and Human Res.</u>, 532 U.S. 598, 603 (2001), prevailing party status hinges on whether such a party "has been awarded some relief by the court."
///
///
///

1  Buckhannon rejected to so-called "catalyst theory" which posits
2  that a plaintiff is a prevailing party if his or her lawsuit
3  achieved the desired result through a voluntary change in the
4  defendant's conduct.  Id. at 601.  Instead, according to the
5  Supreme Court, there must be some judicially sanctioned change in
6  the legal relationship between the parties.  As the Buckhannon
7  Court explained, "[a] defendant's voluntary change in conduct,
8  although perhaps accomplishing what the plaintiff sought to
9  achieve by the lawsuit, lacks the necessary judicial
10 *imprimatur*...."  Id. at 605.

11      Although factually the Buckhannon decision rests on a
12 legislative change that rendered moot the objective of
13 Plaintiffs' lawsuit, and while the Court does not spell out the
14 precise parameters of the requisite judicial involvement in
15 bringing a case to successful conclusion, subsequent lower court
16 decisions do provide further illumination in this regard.  In
17 Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed.
18 Cir. 2005), the Federal Circuit found that EAJA applicants like
19 Plaintiffs herein can point to either an enforceable judgment on
20 the merits or a court-ordered consent decree as examples of
21 judicial involvement sufficient to underscore prevailing party
22 status.  This approach is consistent with the majority of
23 circuits that have considered the scope of Buckhannon's
24 pronouncement after the decision was issued.  (See Id. at 1025-
25 26, and cases cited therein).
26 ///
27 ///
28 ///

1 Although the Ninth Circuit has opined that an enforceable judgment or court-ordered consent decree are only illustrative, not exhaustive, of the kind of court involvement that can give rise to prevailing party status (see <u>Tipton-Whittingham v. City of L.A.</u>, 316 F.3d 1058, 1062 (9th Cir. 2003)), and has found that either a successful preliminary injunction or legally enforceable settlement agreement may also suffice (see <u>Watson v. County of Riverside</u>, 300 F.3d 1092, 1096 (9th Cir. 2002) (injunction); <u>Richard S. v. Dep't of Developmental Servs.</u>, 317 F.3d 1080, 1086 (9th Cir. 2003) (settlement agreement), here no such potential exercise of the Court's power has been identified by Plaintiffs. The fact that the Court engaged in the ministerial dismissal of the action following stipulation of the parties is not enough.

In <u>Carbonell v. INS</u>, 429 F.3d 894 (9th Cir. 2005), the Ninth Circuit did find that an alien who obtained a court order incorporating a voluntary stipulation staying deportation was a prevailing party under the EAJA.  There, however, the court order gave teeth to the parties' stipulation, and without the court order the agreement would have lacked legal effect.  That involvement cannot be analogized to the present case, where the Court simply dismissed the case pursuant to the parties' instruction.  Here the Court did nothing to amplify and/or enforce the parties' own decision to terminate this lawsuit. The Court is unaware of any authority finding that the ministerial act of dismissal itself is sufficient for purposes of conveying prevailing party status.

///

///

4

As the Federal Circuit noted in Rice Servs., Ltd. v. United States, supra, the judicial imprimatur recognized by Buckhannon is, in essence, a threshold that a plaintiff must meet before his or her status as a prevailing party can even be considered. Rice Servs., 405 F.3d at 1026. Because Plaintiffs cannot meet that threshold here, they cannot surmount even the first hurdle to the recovery of costs and fees under the EAJA, and consequently their Motion for such costs and fees must necessarily fail.

Although the Court is mindful of Plaintiffs' argument that disallowance of costs and fees here is unfair where Defendants' inaction essentially forced Plaintiffs to file a lawsuit, after which Defendants finally adjudicated Plaintiff Jacob's immigration petition, that argument harkens back to the "catalyst" theory squarely rejected by Buckhannon. As discussed above, Buckhannon made it clear that a voluntary change in status, even if prompted by the lawsuit at issue, is not enough to make a plaintiff a prevailing party. Consequently Defendants' decision to belatedly grant Plaintiff Jacob's application, a decision not moored on any judicial directive or participation, is equally ineffective for that purpose.

Based on the foregoing, Plaintiffs' Motion for Attorney's Fees and Costs is hereby DENIED.

IT IS SO ORDERED.

Dated: December 12, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE